United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUZHOU XINJU ELECTRONIC COMMERCE CO., LTD.,

Plaintiff,

v.

SEMISILICON TECHNOLOGY CORP.,

Defendant.

Case No. 26-cv-08217-NC

**ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE BY EMAIL**

Re: ECF 7

Before the Court is Plaintiff Huzhou Xinju Electronic Commerce Co., Ltd.'s Motion for Alternative Service. Plaintiff seeks to serve Defendant Semisilicon Technology Corp., a Taiwanese citizen, by email. For the reasons below, the Court GRANTS Plaintiff's motion and authorizes email service. The Court also requests Plaintiff, and will ask Defendant to do the same once served, to file the attached form either consenting or declining magistrate judge jurisdiction by August 14, 2026.

Federal Rule of Civil Procedure 4(f) provides the applicable authority for serving an individual in a foreign country:

> Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, . . . ;
>
> (2) if there is no internationally agreed means, or if an international

> agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
>
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. Proc 4(f); *see also* Fed. R. Civ. Proc 4(h)(2) (referring to Rule 4(f) for serving a corporation not within any judicial district of the United States).

Under Rule 4(f)(3), courts can order service through a variety of methods, "including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email," provided that there is no international agreement directly to the contrary. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). To comport with due process, "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

As a preliminary matter, email service is not barred by international agreement. There are no treaties or agreements between Taiwan and the United States regarding service of process. *Chung v. Chih-Mei*, No. 22-cv-01983-BLF, 2022 WL 17584243, at *3 (N.D. Cal. Dec. 12, 2022); *see also* United Nations, *Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters*, https://treaties.un.org/Pages/showDetails.aspx?objid=0800002801258ac (last accessed August 7, 2026). So, there is no international agreement which would prohibit service by email.

United States District Court
Northern District of California

This form of service is reasonably calculated to appraise Defendant of the pendency of the action. Courts in the Northern District have authorized service via email when the plaintiff has a valid email address for defendant. *See, e.g.*, *Gucci America, Inc. v. Huoqing*, No. 09-cv-05969 JCS, 2011 WL 31191, * 2–3 (N.D. Cal. Jan. 3, 2011); *Bank Julius Baer & Co. Ltd v. Wikileaks*, No. 08-cv-00824 JSW, 2008 WL 413737, *2 (N.D. Cal. Feb. 13, 2008). This is especially true where a party has U.S. based counsel. *CJ E&M Am. Inc. v. IQiyi Inc.*, No. 18-cv-5771 PA-JEMx, 2018 WL 6380751, at *4 (C.D. Cal. Aug. 13, 2018)(collecting cases). Here, Plaintiff has previously communicated with Defendant's counsel using the proposed email addresses in a 2025 action, and has continued to do so regarding the current dispute.

Accordingly, the Court GRANTS Plaintiff's motion to serve Defendant by email to jackyam@semitech.com.tw and jackyp@semitech.com.tw. Plaintiff must file a proof of service by August 14, 2026. The Court also asks Plaintiff to file the attached form either consenting or declining magistrate judge jurisdiction by August 14, 2026.

**IT IS SO ORDERED.**

Dated: August 7, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge