United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUZHOU XINJU ELECTRONIC COMMERCE CO., LTD.,

Plaintiff,

v.

SEMISILICON TECHNOLOGY CORP.,

Defendant.

Case No. 26-cv-08217-NC

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Re: ECF 6

In this case, Plaintiff Huzhou Xinju Electronic Commerce Co., Ltd. ("Xinju") seeks declaratory judgment that its accused products, Ailofy TV LED Backlight Strips, do not infringe U.S. Patent No. 8,884,546 ("546 Patent"). Six days before Xinju filed this case against Semisilicon Technology Corp. ("Semisilicon"), Semisilicon filed a patent infringement case against Xinju in the U.S. District Court for the Eastern District of Texas, concerning the same patent and same accused products. Both cases arise from complaints that Semisilicon initiated against Xinju and its accused products through Amazon Patent Express Evaluation ("APEX") proceedings concerning Xinju's LED backlight products.

Before the Court is Xinju's Motion for Temporary Restraining Order and Order to Show Cause why a preliminary injunction should not be issued against Semisilicon. ECF 6. Xinju seeks relief requiring Semisilicon to withdraw its patent complaint filed with Amazon concerning Xinju's accused product and U.S. Patent No. 8,884,546 and

prohibiting Semisilicon from submitting further takedown complaints to Amazon based on the patent. ECF 6 at 1–2.

Federal Rule of Civil Procedure 65(b)(1)(A) permits a temporary restraining order if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." As such, the Court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest. *Id.* at 20.

Xinju has not clearly shown that it is likely to succeed on the merits, it will suffer irreparable harm absent preliminary injunctive relief, the balance of equities tips in its favor, and the preliminary injunctive relief is in the public interest. ECF 6-1 at 5–9; ECF 26 at 2–8; *Winter*, 555 U.S. at 22. Further, Semisilicon's pending Rule 12(b)(2) Motion to Dismiss or Transfer raises serious issues of both personal jurisdiction and the first to file rule. ECF 18.

Accordingly, the Court DENIES Xinju's Motion for Temporary Restraining Order and Order to Show Cause why a preliminary injunction should not be issued against Semisilicon.

**IT IS SO ORDERED.**

Dated: August 26, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge