United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUZHOU XINJU ELECTRONIC COMMERCE CO., LTD.,

Plaintiff,

v.

SEMISILICON TECHNOLOGY CORP.,

Defendant.

Case No. 26-cv-08217-NC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR TRANSFER WITHOUT LEAVE TO AMEND**

Re: ECF 18

Semisilicon moves to dismiss this action for lack of personal jurisdiction. This Order assumes the reader's familiarity with the facts, the applicable legal standards, and the arguments made by the parties. The Court finds that it does not have personal jurisdiction over Semisilicon, so GRANTS the motion without leave to amend.

Huzhou alleges that Semisilicon, a Taiwanese corporation with its principal place of business in Taiwan, is subject to this Court's jurisdiction because it "purposefully directed patent-enforcement activity toward the United States and this District by invoking Amazon's patent-enforcement mechanisms against Huzhou Xinju's Amazon listing, which was offered for sale nationwide, including to customers in California and this District." ECF 1, Compl., ¶ 11. This allegation fails to establish that Semisilicon has "purposefully directed" its' activities at California. "[C]ourts in this District have rejected the argument that 'alleged misconduct ar[ising] from a person's use of a platform hosted by a business in

this district' is sufficient to confer specific jurisdiction." *Shandong Yunxiang Century Intelligent Tech. Co. v. Huang*, No. 25-cv-01298-JST, 2025 WL 3167761, at *3 (N.D. Cal. Nov. 13, 2025) (citing *Lik v. Doe*, No. 20-cv-00255-DMR, 2020 WL 1984291, at *2 (N.D. Cal. Apr. 27, 2020)). Huzhou's reliance on 28 U.S.C. § 1391(c)(3) and Rule 4(k)(2) is misplaced. Section 1391(c)(3) determines where venue lies, not personal jurisdiction. Rule 4(k)(2) does not apply because Semisilicon is subject to general jurisdiction in Virginia. ECF 31 at 5.

The first to file rule also mandates dismissal of Huzhou's suit. Semisilicon filed its' suit first in Texas and the parties and issues are identical to those here. ECF 18 at 10. The anticipatory suit exception to the rule does not apply because Huzhou's notice letter only stated that it "intend[ed] to file" its' complaint by July 20, 2026. ECF 23, Ex. 1, at 4. Huzhou did not file suit by then so Semisilicon filed on July 31, 2026. ECF 18 at 10. "[Huzhou]'s equivocal language does not establish that a lawsuit was imminent, especially when [Huzhou] did not file suit after its deadline." *Sony Computer Ent. Am. Inc. v. Am. Med. Response, Inc.*, No. 06-cv-06603-CW, 2007 WL 781969, at *3 (N.D. Cal. Mar. 13, 2007). Semisilicon's lawsuit filed in Washington does not change this analysis, nor does Plaintiff explain how it would. ECF 29 at 8.

Dismissal is appropriate here because neither action has proceeded past the pleading stage, *see Semisilicon Tech. Corp., v. Huzhou Xinju Elec. Com. Co. Ltd.*, 4:26-cv-00979 (E.D. Tex.); Huzhou may present its' claims in Texas; and the Texas court can resolve these issues. *HiTherm, LLC v. Victaulic Co.*, No. 8:22-00924-ADS, 2022 WL 19239750, at *4–5 (C.D. Cal. July 7, 2022). Accordingly, the Court GRANTS Semisilicon's motion to dismiss the complaint without prejudice.

**IT IS SO ORDERED.**

Dated: October 23, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge